MARTIN E. SNODGRASS
3302 OAKES AVENUE
EVERETT WA 98210
Tel.: Everett,(425)783-0797
Bellevue, (206) 624-8330
Fax: (425)783-0238
email: msnodgrass@snodgrasslaw.com

The Hon: Karen A. Overstreet
Hng Date and time: Dec. 10, 2014, 9 am
Response Date: Dec. 3, 2014

## UNITED STATES BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:  ) Bk No.: 14-16771
Justin S. Guthrie )
 ) Chapter: 13
Debtor/s ) RESPONSE TO OBJECTIONS AND
_____ ) MOTION TO DISMISS

COMES now the Debtor and responds to the Objections to Confirmation and Motion to Dismiss as follows:

1. *Objection of Security National Mortgage.* Security National Mortgage objected to the Plan because a claimed escrow shortage is not dealt with in the Plan. An amended Plan has been filed which provides for payment of any allowed amount by the Trustee at the rate of $500.00 per month. It is likely that an agreed amount can be worked out between counsel.

2. *Objections by the Trustee and Trustee Motion to Dismiss.* The Trustee has raised several minor issues which are addressed in the Amended Plan. Section XII has been amended to reflect that the USAA FCU boat loan will survive plan completion. The Amended Plan will be served after this hearing, anticipating that other changes may be needed.

An amended petition and Schedule A are being filed to reflect the correct address of the home.

3. *Objection of BECU.* BECU objects to confirmation on the grounds that it claims the Debtor ineligible for Chapter 13 relief under the limits of 11 USC §109. It is the Debtor's position that BECU is owed nothing and there is no debt or if there is any remaining debt, an extensive evidentiary hearing is

| RESPONSE TO OBJECTIONS AND MOTION TO DISMISS | **Snodgrass & Warren, Inc. PS**<br>**3302 Oakes Ave., Everett, WA 98201**<br>**p: 206-624 8330, 425 783-0797; f: 425-783-0238 (Everett)** |
|---|---|

required to determine the amount of the debt.

The Debtor surrendered a boat which was financed by BECU and at the request of BECU transferred the ownership of the boat to it on December 29, 2011. Exhibit B to Declaration of Michael Bangs, Doc24-2. Guthrie understood that this was a satisfaction of the debt. Guthrie's understanding was confirmed by BECU when it filed a "Satisfaction of Mortgage" in July of 2012 wherein one of its managers stated, <u>under oath</u> that "Mortgagee hereby affirms that the indebtedness referenced above is satisfied and to be removed from the referenced vessel" Exhibit C to Bangs Declaration, Doc 24-2. BECU later sold the boat at a private sale without having given any required notices to the Debtor.

BECU never gave the Debtor any notice that it intended to dispose of the collateral, as required by the Uniform Commercial Code and the first notice that he had that BECU did not consider the absolute transfer and satisfaction documents were not absolute and that BECU was asserting a deficiency was only after the sale was completed. The Debtor thought that the boat was being transferred in satisfaction of the debt, as stated in the Satisfaction of Mortgage.

Chapter 13 eligibility should normally be determined by the debtor's schedules checking only to see if the schedules were made in good faith. This rule was approved by the Ninth Circuit in In re Scovis, 249 F.3d 975, 982 (9th Cir., 2001) where it said: "We now simply and explicitly state the rule for determining Chapter 13 eligibility under § 109(e) to be that eligibility should normally be determined by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith."

It is not correct, as stated by BECU, that a dispute over liability does not make a debt contingent or unliquidated. The correct rule in this Circuit is that a dispute over liability "<u>will not necessarily</u>" render a debt unliquidated. The issue of whether a debt is liquidated "turns on whether it is subject to 'ready determination and precision in computation of the amount due.'" In re Fosvedt, 823 F.2d 305, at 306, (9th Cir. 1987). Not necessarily is a long way from not.

What is ready determination is established in In re Slack 187 F.3d 1070, 1074 (9th Cir. 1999). "Whether the debt is subject to "ready determination" will depend on whether the amount is easily calculable or whether an extensive hearing will be needed to determine the amount of the debt, or the liability of the debtor." (Citations omitted).

In this case numerous issues turn on facts which can only be established by an extensive hearing

| RESPONSE TO OBJECTIONS AND MOTION TO DISMISS | **Snodgrass & Warren, Inc. PS**<br>**3302 Oakes Ave., Everett, WA 98201**<br>**p: 206-624 8330, 425 783-0797;  f: 425-783-0238 (Everett)** |
|---|---|

- 2 -

to determine not only the amount of the debt, if any, but the debtor's liability on the debt.

Aside from the question of whether the debt was satisfied by the transfer of ownership and satisfaction prepared by BECU, the complete lack of the required UCC notices creates a presumption that the debt was satisfied.

RCW 62A.9-611 requires a secured creditor send a notice of disposition to the debtor and others claiming an interest in the collateral. "Under that section, as under former Section 9-504(3), one aspect of a reasonable notification is its timeliness. This generally means that the notification must be sent at a reasonable time in advance of the date of a public disposition or the date after which a private disposition is to be made." Uniform Commercial Code Comments, RCW 62A.9A-612, comment 2.

The failure to give notice creates a presumption under Washington law that the value of the collateral is at least as much as the debt and that the debtor owes nothing on a deficiency claim. The rule is stated in Rotta v. Early Indus. Corp. 47 Wash.App. 21, 26 - 27 (1987):

> Where the collateral has been sold in a sale that does not comply with the provisions of the UCC, there is a rebuttable presumption that the fair and reasonable value of the collateral is at least equal to the amount of the outstanding debt. In order to overcome that presumption, the secured party has the burden of either (1) obtaining a fair and reasonable appraisal at or near the time of repossession, or (2) producing convincing evidence of the value of the collateral. In order to meet the latter burden, the secured creditor is required to bring forward proof of the condition of the collateral and the usual price of items of like condition.

Both of these issues create genuine questions which require an extensive hearing to determine whether there is a debt and if so what is the actual amount of the debt. The claim is therefore not liquidated and the debtor is eligible for Chapter 13 relief.

Dated December 3, 2014.

SNODGRASS & WARREN, INC., P.S.

By: /s/Martin E. Snodgrass

   MARTIN E. SNODGRASS, WSBA NO. 6961
   ATTORNEYS FOR DEBTOR

| RESPONSE TO OBJECTIONS AND MOTION TO DISMISS | Snodgrass & Warren, Inc. PS<br>3302 Oakes Ave., Everett, WA 98201<br>p: 206-624 8330, 425 783-0797; f: 425-783-0238 (Everett) |
|---|---|