```
                              United States Bankruptcy Court
                              Western District of Washington
```

In re:                                                                    Case No. 14-16771-KAO
Justin Scott Guthrie                                                      Chapter 13
      Debtor
## CERTIFICATE OF NOTICE

District/off: 0981-2     User: janetf     Page 1 of 1     Date Rcvd: Dec 18, 2014
                   Form ID: pdfltd     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 20, 2014.
db         Justin Scott Guthrie,    20601 76th Ave SE,    Snohomish, WA 98296-5169

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                                                                           TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                                                                    TOTAL: 0

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 20, 2014                                Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 18, 2014 at the address(es) listed below:
           Jennifer L Aspaas    on behalf of Special Request    Security National Mortgage Company ecf@rcolegal.com
           Jennifer L Aspaas    on behalf of Creditor    Security National Mortgage Company ecf@rcolegal.com
           K Michael Fitzgerald    on behalf of Trustee K Michael Fitzgerald courtmail@seattlech13.com
           K Michael Fitzgerald    courtmail@seattlech13.com
           Keith P Scully    on behalf of Special Request    Boeing Employees Credit Union keith@newmanlaw.com, john@newmanlaw.com,sarah@newmanlaw.com
           Martin E Snodgrass    on behalf of Debtor Justin Scott Guthrie mes@snodgrasslaw.com, las@snodgrasslaw.com
           United States Trustee    USTPRegion18.SE.ECF@usdoj.gov
                                                                                                                                       TOTAL: 7

**Below is the Order of the Court.**

_/s/ Karen A. Overstreet_
Karen A. Overstreet
U.S. Bankruptcy Judge
**(Dated as of Entered on Docket date above)**

___

Karen A. Overstreet
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Suite 6301
Seattle, WA 98101
206-370-5330

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re | Chapter 13 |
| Justin Scott Guthrie, | Case No. 14-16771 |
| Debtor. | ORDER ON DEBTOR'S CHAPTER 13 ELIGIBLITY |

This matter came before the Court on December 10, 2014, on Boeing Employees' Credit Union's ("BECU") Objection to Confirmation of the Debtor's Chapter 13 Plan [Dkt. 23]. As part of its Objection, BECU asserted that the Debtor, Justin Guthrie, owed BECU a $584,376.25 unsecured debt and was therefore ineligible to be a Chapter 13 debtor under 11 U.S.C. § 109(e). The Debtor responded [Dkt. 30], the Court heard oral argument and took the matter under

Order - 1

advisement. For the following reasons, the Court concludes that the Debtor is not eligible for Chapter 13.

## I. Facts

The Court finds that the following facts are undisputed. In 2007, the Debtor and BECU entered into two agreements, a promissory note and a preferred marine mortgage, to provide financing for a 2006 Sea Ray Sundancer boat (the "Boat").[1] The promissory note was in the principal amount of $795,896.60. The Debtor was ultimately unable to make the monthly payments and surrendered the Boat to BECU. The Debtor executed a document entitled "Transfer of Ownership," (the "Transfer Agreement") pursuant to which he transferred title to the Boat to BECU, and the Debtor physically turned over the Boat BECU soon thereafter.

BECU then sold the Boat at a private sale on July 31, 2012. BECU had previously filed a Satisfaction of Mortgage on July 27, 2012 (the "Satisfaction of Mortgage"), which stated "Mortgagee hereby affirms that the indebtedness referenced above is satisfied and to be removed from the record of the referenced vessel." BECU sent notice of the sale to the Debtor on August 2, 2012, reporting the sale date of July 31, the selling price of $332,500, selling and collection expenses of $32,963.85, and a deficiency amount of $503,872.29. The letter made it clear that BECU intended to pursue collection of the deficiency from the Debtor.

The Debtor disputes the entirety of BECU's deficiency claim, asserting that the transfer of the Boat pursuant to the Transfer Agreement was in complete satisfaction of the outstanding debt as confirmed by the statement of BECU in the Satisfaction of Mortgage to that effect. BECU filed suit to recover the deficiency judgment in Snohomish County Superior Court and moved for summary judgment on August 15, 2014. On September 4, 2014, the Debtor opposed BECU's motion, which was set to be heard in Superior Court on September 16, 2014. The Debtor filed this bankruptcy case on September 11, 2014, staying the state court action.

## II. Analysis

---

[1] All of the documents referenced by the Court are attached to the Declaration of Keith Scully, at Dkt. 24. The Court considered the Declaration of Mr. Scully as well as the Declaration of Michael Bangs attached thereto and the declaration of the debtor at Dkt. 31.

Order - 2

On Schedule F, the Debtor lists BECU as an unsecured creditor with a claim in the amount of zero and indicates that the claim is both unliquidated and disputed. BECU contends that its deficiency claim must be treated as liquidated for purposes of 11 U.S.C. § 109(e) because it is readily calculable. Section 109(e) states that "[o]nly an individual with regular income that owes, on the date of filing of the petition, noncontingent, liquidated, unsecured debts of less than $383,175 . . . may be a debtor under chapter 13 of this title." The Debtor does not contend that the debt asserted by BECU is contingent or secured, thus the only issue is whether the debt was liquidated at the time the Debtor filed his petition.

The Debtor asserts that the debt is unliquidated because he disputes the entirety of BECU's claim. The Debtor and BECU disagree on the effect of the Transfer Agreement: the Debtor contends that the Transfer Agreement effected an accord and satisfaction, while BECU argues that the transfer was not intended to satisfy the entire debt and under both Washington's version of the Uniform Commercial Code and maritime law, BECU preserved its right to assert a deficiency judgment against the Debtor. The Debtor further contends that BECU violated the Uniform Commercial Code by failing to provide him with notice of the private sale in advance of the consummation of the sale.

A. <u>A dispute of liability does not render a debt unliquidated</u>.

This Court must determine whether the dispute of liability over BECU's debt is sufficient to make the debt unliquidated for the purposes of Section 109(e). In *In re Sylvester*, the Ninth Circuit Bankruptcy Appellate Panel determined that the standard for determining whether a debt was liquidated under Section 109(e) was "ready determination and precision in computation of the amount due." 19 B.R. 671, 673, (9th Cir. B.A.P. 1982) (citing *In re Bay Point Corp.*, 1 B.C.D. 1635 (D.N.J. 1975)). The court in *Sylvester* further explained that a contract debt would be considered liquidated, even if liability is disputed, whereas a tort claim would not be liquidated. 19 B.R. at 673. The Ninth Circuit Court of Appeals adopted this standard in *In re Fostvedt*, 823 F.2d 305, 306 (9th Cir. 1987).

The Ninth Circuit Court of Appeals later clarified the standard in *In re Slack*, 187 F.3d 1070 (9th Cir. 1999). In that case, the court stated:

Order - 3

> We are persuaded that under this circuit's "readily determinable" standard, if the amount of the creditor's claim at the time of the filing the petition is ascertainable with certainty, a dispute regarding liability will not necessarily render a debt unliquidated. Whether the debt is subject to "ready determination" will depend on whether the amount is easily calculable or whether an extensive hearing will be needed to determine the amount of the debt, or the liability of the debtor. *See In re Wenberg*, 94 B.R. 631, 634 (9th Cir. B.A.P. 1988). Therefore, the mere assertion by the debtor that he is not liable for the claim will not render the debt unliquidated for the purposes of calculating eligibility under § 109(e).

*Id.* at 1074. The court's statement in the quote above implies that if an extensive hearing is needed to determine liability, the debt is unliquidated. However, the court later states the rule quite simply: "We hold that a debt is liquidated if the amount is readily ascertainable, notwithstanding the fact that the question of liability has not been finally decided." *Id.* at 1075. In *Slack*, the debtor argued that the creditor's claim was not liquidated because the state court had not yet determined his liability for damages for alleged fraud and negligence. By the time the court heard the appeal, the state court had entered a judgment against the debtor and in favor of the creditor in the amount of $455,580, but the court emphasized that the Section 109(e) test must be judged as of the petition date and the court may not take into account postpetition events.

The standard articulated in *Slack* was again reiterated and upheld in *In re Scovis*, 249 F.3d 975, 983-984 (9th Cir. 2001). In *Scovis*, however, the court added a new element to the test: "We now simply and explicitly state the rule for determining Chapter 13 eligibility under § 109(e) to be that eligibility should normally be determined by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith." *Id.* at 982. Referring to *Slack*, the court noted that a readily ascertainable amount is included in unsecured debt even though liability on the debt has not been decided.

The ambiguity in the *Slack* decision was addressed by the Bankruptcy Appellate Panel in *Ho v. Dowell (In re Ho)*, 274 B.R. 867 (9th Cir. B.A.P. 2002). In *Ho*, the bankruptcy court determined that the debtor had debts exceeding the limits set forth in Section 109(e) and dismissed her case. The debtor listed a claim related to a contract dispute between the

Order - 4

corporation in which she was a minority shareholder and the creditor on her schedules as unliquidated, disputed and unsecured. She also showed the amount of the claim as "unknown." She was, however, neither a guarantor of the debt nor a party to the contract. The question posed by the Bankruptcy Appellate Panel in the case was "whether a chapter 13 debtor's liability for a debt plays any role in determining whether the debt is unliquidated for purposes of determining eligibility to be a chapter 13 debtor under § 109(e)," and the Panel concluded that it does. The court acknowledged the inconsistent statements in *Slack*, which include an outright rejection of any link between liquidation and liability as long as the amount can be calculated with certainty, and a statement that ready determination depends upon whether an extensive hearing is needed to determine the liability of the debtor. *Id.* at 873-74. The court then reviewed prior cases in light of the ambiguity and concluded that *Slack* was not intended to reject prior cases which hold that a dispute over liability can, under certain circumstances, affect whether a debt is liquidated. The court concluded based upon the facts before it that there would need to be an extensive hearing to determine the debtor's liability for the corporation's debt as opposed to just a final determination as to the debtor's liability, stating "[w]hile a dispute as to liability will not 'necessarily render a debt unliquidated,' *Slack*, 187 F.3d at 1074, the nature of this dispute does." *Id.* at 875.

Judge Klein's concurrence in *Ho* hints at the quandary this area of law creates for the bankruptcy court. If the court must determine whether a particular dispute over a claim rises to the level of making the claim unliquidated for purposes of Section 109(e), the court is forced to consider all kinds of factual and legal arguments that should properly be the subject of an objection to claim and the procedural niceties afforded by an adversary proceeding. *Ho* suggests that the court can have essentially a mini-summary judgment hearing to determine how valid the debtor's defenses are to liability. Chapter 13 cases are intended to be relatively small cases involving the repayment of consumer obligations not beset by significant legal disputes that prevent the debtor from moving expeditiously to confirmation. Hence, the dollar limits in Section 109(e).

```
Order - 5
```

In this case, BECU's claim is readily calculable. It arises from a contract between the Debtor and BECU. The principal amount of the loan, the interest rate, the terms of repayment, and the proceeds of the liquidation of the Boat are not contested. It does not appear that an extensive hearing with lots of evidence is needed to resolve the dispute – in fact, both parties ask this Court to treat the dispute like a summary judgment proceeding and resolve what they believe are solely legal issues. Accordingly, this Court finds that the BECU debt is liquidated for the purposes of Section 109(e).

B. The Court is not bound by the schedules.

In reviewing matters of §109(e) eligibility, the Ninth Circuit Court of Appeals has stated that chapter 13 eligibility should "normally be determined by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith." *In re Scovis*, 249 F.3d at 982. In *Scovis*, the court determined that apparent errors in scheduling unsecured debt as secured debt were mistakes made in good faith, and therefore these debts did not render the debtors ineligible for discharge. *Id.* However, the court did not further explain what would constitute a lack of good faith for the purposes of this rule.

In *In re Guastella*, 341 B.R. 908 (9th Cir. B.A.P. 2006), the panel addressed the discretion of a bankruptcy judge to look beyond the debtor's schedules in addressing eligibility. It held that "[f]aced with what appeared to be a good faith objection from the [the creditor], it was properly within the discretion of the bankruptcy court to make a limited inquiry outside of the schedules to determine first whether [the debtor] estimated her debts in good faith and, if not, whether [the debtor] was in fact eligible for chapter 13 relief." *Id.* at 918.

In this case, the Debtor listed the amount of the BECU debt as $0 despite the fact that as early as August of 2012, it was clear that BECU was pursuing a significant deficiency judgment. Moreover, prior to the bankruptcy filing, BECU had sued the Debtor and moved for summary judgment on the question of liability. It was only the short form filing of this bankruptcy case that prevented the state court from resolving liability. Based upon these facts, the Court is persuaded that this case was filed at least in part to thwart the state court action that would have resolved the liability dispute that the Debtor now raises here. Accordingly, the Court concludes

that the Debtor did not act in good faith when he listed the value of BECU's claim as $0 in his schedules.

**Order**

Now, therefore, for the foregoing reasons, it is hereby,

ORDERED that the Debtor is ineligible for relief under Chapter 13 of the Bankruptcy Code; and

IT IS FURTHER ORDERED that the Debtor shall have ten days from the date of entry of this Order to convert this case to a Chapter 11; in the event the Debtor does not convert the case within that time, BECU may submit an ex parte order dismissing this case.

/// END OF ORDER ///

Order - 7